# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

IN RE: CIVIL CASES ASSIGNED
TO UNITED STATES DISTRICT
JUDGE STEVEN D. GRIMBERG

## STANDING ORDER REGARDING CIVIL LITIGATION

This case has been assigned to United States District Judge Steven D. Grimberg. These guidelines are furnished to inform the parties and their counsel of the policies, procedures, and practices of this Court, and to promote the just, speedy, and economical disposition of cases. This Order, in combination with the Civil Local Rules of the United States District Court for the Northern District of Georgia and the Federal Rules of Civil Procedure, shall govern this case, superseding any previous case instruction orders. In the event a Magistrate Judge is assigned to this case, orders issued by that judge, rather than this Standing Order, shall govern while the case is pending before the Magistrate Judge.

**Each counsel of record and *pro se* party is required to sign and file, within 10 days after entry of this Order, a Certificate of Compliance in a format consistent with the Certificate of Compliance attached as Exhibit B. The signed Certificate should *not* be mailed to Chambers.**

## TABLE OF CONTENTS

I.   CASE ADMINISTRATION ................................................................ 5

    a.   Contacting Chambers .................................................... 5

    b.   Courtesy Copies of Documents ................................ 5

    c.   Attorney Leaves of Absence ..................................... 6

    d.   *Pro Se* Parties ............................................................ 6

II.  CASE MANAGEMENT ................................................................... 6

    a.   Removed Cases ........................................................... 6

    b.   Responses to Pleadings .............................................. 7

    c.   Amended Complaints and Motions to Dismiss ...................... 7

    d.   Motions for Temporary Restraining Orders or Preliminary Injunctive Relief ............................... 8

    e.   Brief Nomenclature ................................................... 8

    f.   Electronic Filing of Exhibits and Attachments .................... 9

    g.   Proposed Orders ........................................................ 9

    h.   Extensions of Time .................................................... 10

    i.   Extensions of Page Limits ...................................... 10

    j.   Page Limits for Objections to Reports and Recommendations by Magistrate Judges ............. 11

    k.   Footnotes .................................................................. 11

    l.   Conferences ............................................................... 12

    m.   Requests for Oral Argument or Hearing on Motions ............ 12

n.     Mediation................................................................................12

o.     Settlements.............................................................................13

III.    Discovery ........................................................................................13

a.     General Principles of Discovery ...........................................13

b.     Joint Preliminary Report and Discovery Plan....................13

c.     Initial Disclosures ................................................................14

d.     Written Discovery Responses...............................................14

e.     Depositions............................................................................16

f.     Discovery Disputes ...............................................................17

g.     Discovery Period Extensions ...............................................18

h.     Confidentiality Agreements, Protective Orders, Motions
to Seal ....................................................................................19

IV.    Summary Judgment .......................................................................21

a.     Record Citations ...................................................................21

b.     Statements of Undisputed or Disputed Material Facts......22

V.     Trial.................................................................................................22

a.     Proposed Consolidated Pretrial Order................................22

b.     Final Pretrial Conference.....................................................23

c.     Courtroom Technology .........................................................23

d.     Trial Days...............................................................................24

i.     Voir Dire .......................................................................25

ii.     Courtroom Communications and Conduct ...............25

*iii.*    Exhibits .......................................................................................... 26

*iv.*    Jury Charges ................................................................................. 27

Exhibit A: Qualifying Questions for Prospective Jurors .......................................... 29

Exhibit B: Certificate of Compliance ........................................................... 30

Appendix—Special Instructions for *Pro Se* Litigants ............................................. 31

4

# I.     CASE ADMINISTRATION

## a.     Contacting Chambers

The Courtroom Deputy Clerk, Alisha Holland, is your principal point of contact on matters related to this case. ***Neither counsel nor the parties should discuss the merits of their case with the Courtroom Deputy Clerk or any of the Court's law clerks.***

Communications with Chambers should generally be made by email, with all counsel or parties copied, to Courtroom Deputy Holland at Alisha_Holland@gand.uscourts.gov. If necessary, counsel or parties may also contact Chambers by telephone (404-215-1470), or by mail or hand delivery:

> The Honorable Steven D. Grimberg
> ATTN: Courtroom Deputy Alisha Holland
> 1767 United States Courthouse
> 75 Ted Turner Drive, S.W.
> Atlanta, Georgia 30303-3309

Counsel and parties are cautioned that the Court, in its discretion, may file on the docket any written communications, including emails, submitted to Chambers.

## b.     Courtesy Copies of Documents

Courtesy copies of filings should not be provided to the Court unless requested.

### c.     Attorney Leaves of Absence

Counsel are encouraged to review their calendars and submit as early as possible any requests for leave(s) of absence. Leave requests shall comply with LR 83.1(E)(3), NDGa. Accordingly, requests for leave for 21 days or more must be made by motion. However, requests for fewer than 21 days shall be filed on the docket rather than submitted via letter to Chambers.

### d.     *Pro Se* Parties

Specific procedures applicable to *pro se* parties are contained in the Appendix to this Standing Order and should be followed by individuals who are not represented by counsel.

## II.     CASE MANAGEMENT

### a.     Removed Cases

For cases removed to this Court based on diversity of citizenship under 28 U.S.C. § 1332, the Court must evaluate whether it may properly exercise jurisdiction based on the citizenship of individuals and entities. Therefore, in cases where one or more parties is a limited liability company, partnership, or similar entity, the removing party must provide the Court with the identity and citizenship of each of the entity's members and sub-members (or partners and sub-partners), until the Court is left only with individuals or corporations to evaluate for diversity of citizenship purposes.

### b.      Responses to Pleadings

A party filing an answer to a complaint, counterclaim, crossclaim, or third-party complaint shall copy into its answer the paragraph of the pleading to which it is responding and provide its answer to that paragraph immediately following.

A responsive pleading must admit or deny each of the averments of the adverse party's pleading. For example, if the complaint alleges, "A copy of the parties' contract is attached as Exhibit A," the defendant may not plead, *e.g.*, "Defendant admits that Exhibit A is attached to the complaint," or that "the document speaks for itself." Evasive denials such as these will be disregarded, and the averments to which they are directed will be deemed admitted pursuant to Fed. R. Civ. P. 8(b)(6).

### c.      Amended Complaints and Motions to Dismiss

If, in response to a motion to dismiss, a plaintiff files an amended complaint pursuant to Fed. R. Civ. P. 15(a)(1), the defendant-movant is directed to determine—within 10 days after the filing of the amended complaint—whether the pending motion to dismiss has been rendered moot. If so, the defendant shall withdraw it.

During the pendency of a motion to dismiss that would dispose of the entire action, all discovery is automatically stayed until and unless the Court rules on the

motion or otherwise directs. This stay includes all pretrial activity and deadlines, such as the LR 16.1, NDGa conference, Joint Preliminary Report and Discovery Plan, initial disclosures, and commencement of discovery. If a party believes good cause exists for any or all pretrial activity to continue or deadlines to remain in effect, notwithstanding the pendency of a motion to dismiss, the party may submit a request to Chambers pursuant to the discovery dispute procedures outlined in Section III.f. of this Standing Order. This automatic stay does not apply to partial motions to dismiss or to any motions to dismiss filed after the commencement of discovery.

### d.   Motions for Temporary Restraining Orders or Preliminary Injunctive Relief

Any request for a temporary restraining order or for preliminary injunctive relief must be made by *separate* motion. If a party requests such relief only in the complaint or other pleading, but fails to file a separate motion seeking the same, the request will not be considered until the merits of the case are addressed. After filing an appropriate motion, the movant should contact Chambers to request expedited consideration.

### e.   Brief Nomenclature

Briefs should be titled on CM/ECF as follows: The initial brief of a movant should be titled "[name of Party]'s Brief in Support of [name of motion]." The brief

of the responding party should be titled "[name of Respondent]'s Response in Opposition to [name of motion]." The reply of the moving party should be titled "[name of Party]'s Reply in Support of [name of motion]."

     **f.**    **Electronic Filing of Exhibits and Attachments**

The parties should make every effort to label all electronically uploaded exhibits and attachments according to their content. For example, documents should be uploaded as Ex. A: Smith Deposition; Ex. B: Employment Contract; Ex. C: Jones Letter, etc., rather than simply Ex. A, Ex. B, and Ex. C. When practicable, each party should file documents in a text-searchable PDF format. Exhibits or attachments that are not referenced and relied on in the body of the party's submission will not be considered.

     **g.**    **Proposed Orders**

For all consent, unopposed, or joint motions, a proposed order should be filed along with the motion via CM/ECF. A Word version of the proposed order should be attached to the CM/ECF filing receipt email and forwarded to Chambers. Proposed orders on contested motions should not be filed or submitted to Chambers unless specifically requested by the Court.

### h.    Extensions of Time

The Court is responsible for processing cases toward a prompt and just resolution. To that end, the Court seeks to set reasonable, but firm deadlines. Motions for extension of time, even if designated as joint, unopposed, or by consent, will not be granted as a matter of course.

Parties seeking an extension should explain with specificity the unanticipated or unforeseen circumstances necessitating the extension and should set forth a full timetable for the completion of the briefing for which the extension is sought. *E.g.*, if a defendant seeks additional time to file a motion to dismiss, the request should include a proposed schedule for completion of the briefing, including filing of the response and reply briefs. Parties should indicate whether the opposing party consents to the request for an extension and the proposed schedule. A proposed order should be filed along with the motion via CM/ECF. If such a motion is filed less than three days prior to the deadline the parties seek to extend, the parties should promptly alert Chambers to the filing via email.

### i.    Extensions of Page Limits

As with motions for extension of time, requests for extensions of the page limits prescribed by the Local Rules will not be granted as a matter of course. Parties seeking an extension of the page limit must file such a motion at least three

days in advance of the filing deadline and must explain with specificity the circumstances necessitating additional pages. Parties should indicate whether the opposing party consents to the request for additional pages. A proposed order should be filed along with the motion via CM/ECF.

If a party files a motion to extend the page limit at the same time its brief is due, the extension request will be denied absent a compelling and unanticipated reason.

**j.      Page Limits for Objections to Reports and Recommendations by Magistrate Judges**

Objections to Reports and Recommendations of Magistrate Judges (and, when applicable, special masters), as well as responses to such objections, shall be limited to 15 pages. Requests for an extension of this page limit must follow the procedure set forth above.

**k.      Footnotes**

Footnotes must be in the same font type and size as the main text of the filing, although they should be single-spaced. Substantive arguments included in footnotes will not be considered.

l.     **Conferences**

Parties are encouraged to request a conference with the Court when they believe that it will be helpful, and they have specific goals for the conference. Conferences may be requested via email to Chambers.

m.     **Requests for Oral Argument or Hearing on Motions**

The Court will consider requests for oral argument or a hearing on a contested motion. Such a request should be filed as a *separate* motion. The motion will receive favorable consideration if the requesting party represents that a lawyer with less than five years of litigation experience will conduct the argument (or at least a large majority of the argument), it being the Court's belief that less experienced lawyers need more opportunities for court appearances than they usually receive.

n.     **Mediation**

Parties are encouraged to mediate their disputes, and to do so early in the litigation process. On a joint or consent motion, discovery and other pretrial deadlines will generally be stayed during the pendency of mediation.

On request from any party, or on its own initiative, the Court may refer the parties to court-ordered mediation before a United States Magistrate Judge pursuant to LR 16.7(B), NDGa. There is no cost for this mediation service. Requests

to mediate before a magistrate judge may be made jointly or *ex parte* by emailing Chambers.

### o.   Settlements

When all parties to a matter have reached a tentative settlement or agreed to a settlement in principal, but have not yet completed all steps necessary to document the settlement, they should alert the Court to this status by filing a Notice of Settlement that indicates the amount of time needed to complete the settlement process and dismiss the action.

## III.   Discovery

### a.   General Principles of Discovery

In conducting discovery, parties should be guided by courtesy, candor, and common sense. Direct and informal communication among counsel is encouraged to facilitate discovery and to resolve disputes without the need for Court intervention.

### b.   Joint Preliminary Report and Discovery Plan

A Word version of the proposed Scheduling Order that is filed along with the Joint Preliminary Report and Discovery Plan ("Joint Report") should be attached to the CM/ECF filing receipt email and forwarded to Chambers. After the Joint Report is filed, the Court may schedule a Rule 16 conference. Neither the

timing of the Rule 16 conference or entry of the Scheduling Order shall delay the start of discovery.

### c.    Initial Disclosures

Initial disclosures should be as complete as possible based on the information reasonably available to the parties at the time of disclosure. Responses may not be reserved for later supplementation.

### d.    Written Discovery Responses

The Federal Rules prohibit boilerplate and general objections in response to written discovery requests. Parties should not carelessly invoke the usual litany of rote objections, *i.e.*, attorney-client privilege, work-product protection, overly broad/unduly burdensome, irrelevant, or not reasonably calculated to lead to the discovery of admissible evidence.

A party shall not include in its response to a discovery request a "Preamble" or a "General Objections" section stating that the party objects to the discovery request "to the extent that" it violates some rule pertaining to discovery. Instead, each individual discovery request must be met with every specific objection thereto—but only those objections that actually apply to that particular request. Otherwise, it is impossible for the Court or the party on which the discovery

14

response is served to know exactly what objections have been asserted to each request. All "General Objections" shall be disregarded by the Court.

A party that objects in part and responds in part to a discovery request must indicate whether the response is complete, *i.e.*, whether additional information or documents would have been provided but for the objection(s). For example, a party is not permitted to raise objections and then state, "Subject to these objections and without waiving them, the response is as follows . . . ." unless the party expressly indicates whether additional information would have been included in the response but for the objection(s).

If a privilege objection is made, the claim must be supported by a privilege log or statement of particulars sufficient to enable the Court to assess its validity. In the case of a document, the privilege log or statement should specify the privilege relied on and generally include: the date, title, subject, and purpose of the document; the name and position of the author, and the names and positions of all the recipients. In the case of an oral communication, the privilege log or statement should include the privilege relied on and generally identify: the date, place, subject, and purpose of the communication; and the names and positions of all individuals present.

The parties are expected to observe the limitations regarding the number and scope of interrogatories as stated in Fed. R. Civ. P. 26(b) and 33.

### e.    Depositions

Barring extraordinary circumstances, all parties should be consulted, and the convenience of counsel, witnesses, and the parties accommodated, ***before*** a deposition is noticed.

If counsel enter into stipulations at the beginning of a deposition, the terms of each stipulation should be fully stated on the record. General stipulations such as "all objections except as to form are reserved" are disfavored.

Objections to the manner of taking the deposition, to the evidence, or to the conduct of a party shall be noted on the record, but the evidence objected to ***shall be taken*** subject to the objection. In the absence of a good faith claim of privilege or witness harassment, instructions not to answer are rarely justified and may lead to sanctions. Speaking objections and other tactics for coaching a witness during the deposition are not permissible. Counsel are encouraged to try to resolve deposition objections without the Court's involvement.

The Court will not permit the taking of depositions for the preservation of testimony after the close of discovery, absent a good faith reason to do so. A party must request the Court's permission to conduct such a deposition.

**f.     Discovery Disputes**

Parties are required to confer in good faith, by telephone or in person, before bringing discovery disputes to the Court. The duty to confer is ***not*** satisfied by sending a written document (*e.g.*, email or letter) to the opposing party, ***unless*** repeated attempts to confer by telephone or in person are unsuccessful.

Parties must submit discovery disputes to the Court ***before*** filing a formal motion. Thus, prior to the filing of a discovery motion (except for unopposed, consent, or joint motions), the party seeking Court intervention must email Chambers a statement outlining its position and requesting a conference with the Court. All opposing parties must be copied on such emails. The statement shall not exceed 500 words regardless of the number of issues presented. The party initiating the request for a discovery conference may attach as an exhibit to its statement an ***excerpt*** of the relevant discovery requests and any responses and objections that are the subject of the dispute. A complete copy of the discovery requests should ***not*** be attached. The opposing party or parties may provide a responding statement to the Court, subject to the same limitations. In the discretion of the Court, statements submitted by the parties may be filed on the docket.

17

After receipt of the parties' submissions, Chambers will schedule a conference call with all parties in which the Court will attempt to rule on or resolve the matter without the necessity of a formal motion. The conference call will be recorded by a court reporter.

If a dispute between a party and a non-party arises (*e.g.*, a disagreement regarding a subpoena), the party must promptly inform the non-party of this discovery-dispute policy. In raising the discovery dispute with the Court, both the party *and* the non-party must follow the same procedure detailed above.

g.     **Discovery Period Extensions**

Parties are encouraged to formulate their discovery plans early to facilitate the completion of necessary discovery before the close of the discovery period. If all parties agree that an extension of a discovery deadline is necessary, the parties shall file a consent motion. The consent motion shall state: (1) the original (and, if applicable, current) date from which the extension is being sought; (2) the number of previous requests for extensions, if any; and (3) why the extension is needed to complete identifiable tasks.

Where extension requests are not made by consent, or are otherwise opposed, the requesting party should provide the same information outlined

above but make the request using the discovery dispute procedure outlined in Section III.f.

Absent extraordinary circumstances, requests or motions for extensions must be filed prior to the expiration of the existing discovery period. The Court will not enforce private agreements between the parties or their counsel to conduct discovery beyond the conclusion of the discovery period. The Court does not allow the presentation of evidence at trial that was requested and not revealed during the discovery period *unless* it orders such material to be produced after completion of the discovery period pursuant to a motion to compel (or similar motion).

### h.     Confidentiality Agreements, Protective Orders, Motions to Seal

Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to file documents containing confidential information shall first consult with the party who designated the document as confidential to determine if some less restrictive measure than filing the document under seal may serve to provide adequate protection. Any motion to file under seal should indicate whether it is by consent, unopposed, or opposed.

To request to file material under seal, counsel should follow the mechanism described in the Local Rules and consult the Court's Procedure for Electronic

Filing Under Seal in Civil Cases.[1] These procedures require filing an *un*redacted version of the document as provisionally under seal ***and*** publicly filing a redacted version of the document, in addition to the motion to file under seal.

When filing the ***un*redacted, provisionally sealed document, counsel should use the CM/ECF event code "Notice of Filing." The Notice of Filing should be the lead document, and the brief and all supporting documents should be included as exhibits to the notice. For example, if the party is requesting that Exhibit A to a Motion for Summary Judgment and a portion of the memorandum of law in support of the motion be filed under seal, the Notice of Filing Sealed Document should attach as exhibits: the motion for summary judgment, the unredacted supporting memorandum of law, Exhibit A, and all other exhibits to the motion.

These instructions do not apply to parties appearing *pro se*. For *pro se* litigants, motions to seal must be manually filed with the Clerk of Court. In such instances, the material subject to the request to seal should be attached as an exhibit to the motion. The Clerk will enter the motion on the docket under a provisional seal, without public viewing access.

---

[1]   www.gand.uscourts.gov/cv-sealed-procedures

The party filing the motion to file under seal should clearly indicate the type of material the party is seeking to seal and its justification for protecting that material from disclosure. In accordance with Fed. R. Civ. P. 26(c), the Court will only grant such motions for good cause. Given the public's interest in disclosure, good cause will generally only be established where the materials contain trade secrets, personal identifying information, or sensitive commercial information.

## IV.    Summary Judgment

### a.    Record Citations

Record citations should be made only in the statement of undisputed (or disputed) material facts or responses thereto (hereinafter collectively referred to as "SMFs"). Summary judgment briefs should cite only to the relevant numbered paragraph(s) of the SMFs, not the underlying record.

Deposition transcripts that are cited in the SMFs should be filed in their entirety under a separate but contemporaneous "Notice of Filing" docket entry, unless such transcripts have previously been filed on the docket. Excerpts of deposition transcripts should not be attached to the SMFs or summary judgment brief.

### b. Statements of Undisputed or Disputed Material Facts

Statements of Undisputed or Disputed Material Facts are each limited to 15 pages. A party responding to a statement of undisputed or disputed material facts shall copy the statement to which it is responding and provide its response to that statement immediately following.

## V. Trial

### a. Proposed Consolidated Pretrial Order

As part of the proposed consolidated pretrial order, the parties must submit a single, unified set of proposed *voir dire* questions. The parties may divide the list according to the questions that each party proposes to ask. Any objections by the opposing party must be included directly below the question at issue. The Court's Qualifying Questions for Prospective Jurors are attached to this Standing Order as Exhibit A. Do not duplicate these questions in the proposed *voir dire* questions.

In listing witnesses or exhibits in the proposed consolidated pretrial order, a party may not reserve the right to supplement the list and may not adopt another party's list by reference. Witnesses and exhibits not identified in the proposed consolidated pretrial order may not be used during trial, unless the witness or exhibit is solely for impeachment or rebuttal and could not have been anticipated in advance, or to prevent a manifest injustice.

### b.    Final Pretrial Conference

The Court will conduct a final pretrial conference prior to trial. The purpose of the conference is to simplify the issues to be tried and to rule on evidentiary objections raised in the proposed consolidated pretrial order.

Unless otherwise directed, all motions *in limine* shall be filed at least 14 days before the conference. Briefs in opposition to motions *in limine* should be filed at least seven days before the conference. Because the motions *in limine* will be addressed during the conference, the Court disfavors the filing of reply briefs.

*Daubert* motions must be filed no later than the date the proposed consolidated pretrial order is filed. Briefs in opposition must be filed within 14 days following the *Daubert* motion. Reply briefs must be filed within seven days thereafter.

### c.    Courtroom Technology

Our courtroom has various electronic equipment for use by counsel at trial and hearings. For more information on the equipment, or to schedule an opportunity to test the equipment, please contact Chambers. It is the parties' responsibility to make sure they know how to use the equipment available, to have the cables necessary to hook up their equipment, and to ensure that their equipment will interface with the Court's technology.

Any party or counsel without a Blue Card (*i.e.*, the blue ID card issued through the U.S. Marshals Service) who would like to bring into the courthouse electronic equipment, such as a laptop computer or a cell phone with a camera, must file a motion and proposed order allowing the same. The proposed order should identify the electronic equipment, specify the date(s) of the hearing or trial to which the party or counsel desires to bring the equipment, and identify the courtroom to which the equipment will be brought. The motion and accompanying order should be filed at least three business days prior to the hearing or trial. A Word version of the proposed order should be attached to the CM/ECF filing receipt email of the motion and forwarded to Chambers.

### d.  Trial Days

The Court's trial days will generally run from 9:30 a.m. until 5:00 p.m., Monday through Friday. There will be a 15-minute recess mid-morning and again mid-afternoon, as well as a lunch break.

When the jury is in the courtroom, it is the responsibility of the Court, the litigants, and counsel to use the jury's time efficiently. Accordingly, it is each party's responsibility to have enough witnesses on hand for each day's proceedings. Matters that need to be addressed outside the presence of the jury should be reasonably anticipated and raised during breaks or before the start of

the trial day. **Sidebar conferences during trial are particularly disfavored and requests for them may be denied.**

### i.     Voir Dire

During *voir dire*, the Court will ask certain qualifying questions. The Court's questionnaire is attached as Exhibit A. The Court will then permit the attorneys to ask the *voir dire* questions it has approved.

In general, eight jurors will be selected to deliberate for cases expected to last one week or less. The Court may empanel additional jurors for cases expected to last more than one week.

### ii.     Courtroom Communications and Conduct

All communications to the Court should be made before a microphone from a position at counsel table or from the lectern. Counsel should refrain from making disparaging remarks or displaying ill will toward witnesses and other counsel. Counsel and litigants are to refrain from making gestures, facial expressions, or audible comments as manifestations of approval or disapproval of testimony, argument, or rulings by the Court. Counsel are prohibited from addressing comments or questions to each other. All arguments, objections, and motions should be addressed to the Court.

Counsel should not ordinarily make motions in the presence of the jury. Such matters may be raised at the next recess. A motion for mistrial must be made immediately, but the Court may require argument at the next recess or excuse the jury. When making an objection, counsel shall state only the legal basis of the objection (*e.g.*, "leading" or "hearsay") and should not elaborate, argue, or refer to other evidence unless asked to do so by the Court. Offers or requests for stipulations should be made privately, not within the hearing of the jury.

### *iii.* Exhibits

Exhibits must be examined and marked before trial in compliance with LR 16.4, NDGa. The parties should deliver tabbed, indexed three-ringed binders with the marked trial exhibits to Courtroom Deputy Holland before the start of court on the first day of trial. At the same time, parties should also provide copies of the marked exhibits in electronic form (*e.g.*, on a disc, thumb drive, or other similar media) to Ms. Holland.

While in Court, all papers intended for Judge Grimberg should be handed to Ms. Holland, who will pass them to the Judge. Counsel are not required to obtain permission to approach a witness in order to show the witness an exhibit or other document.

*iv.*   **Jury Charges**

Notwithstanding LR 51.1(A), NDGa, preliminary requests to charge and proposed verdict forms (if any) shall be filed on CM/ECF no later than five days prior to the final pretrial conference, unless otherwise ordered by the Court. At the same time, a Word version of the proposed jury charge and proposed verdict form (if any) should be attached to the CM/ECF filing receipt email and forwarded to Chambers.

The jury charge shall be a single, unified set of proposed jury instructions. In other words, the Court requires a consolidated set of jury instructions to which all parties agree. Following the agreed-on jury instructions, the parties should include their instructions to which opposing counsel objects. The parties should indicate who is proposing the instruction, the legal basis for it, and the basis for the other party's opposition.

Ordinarily, the Court will charge the jury before closing argument. The jury will be provided with a written copy of the jury instructions before deliberations begin.

Counsel must use the Eleventh Circuit Pattern Jury Instructions, if applicable. If there is no appropriate Eleventh Circuit charge, counsel should use

Federal Jury Practice and Instructions.[2] If Georgia State law applies, counsel must use the Suggested Pattern Jury Instructions by the Council of Superior Court Judges of Georgia. If other state law applies, counsel shall present the appropriate pattern instruction from the applicable state.

When proposing charges for which there is not a pattern charge, counsel must provide citations to the legal authorities supporting the charge requested. Each request to charge shall be numbered sequentially and on a separate page, with authority for the requested charge cited at the bottom of the page. Counsel should be sure to include all substantive law issues and should not assume that the Court has its own charge on the substantive law.

**SO ORDERED** this the 16th day of November 2020.

_____
Steven D. Grimberg
United States District Judge

---

[2]   O'Malley, Grenig & Lee, FED. JURY PRACTICE & INSTRUCTIONS (6th ed. 2012 Supp. 2020).

## <u>EXHIBIT A: QUALIFYING QUESTIONS FOR PROSPECTIVE JURORS</u>

1.  Does any member of the panel know or are you related to [Plaintiff's attorney]?

2.  Does any member of the panel know any employees of, or has any member of the panel or an immediate family member worked for or been represented by the law firm of [Plaintiff's attorney]?

3.  Does any member of the panel know or are you related to [Defendant's attorney]?

4.  Does any member of the panel know any employees of, or has any member of the panel or an immediate family member worked for or been represented by the law firm of [Defendant's attorney]?

5.  Does anyone know or are you related to [Plaintiff] in the case?

6.  Does anyone know or are you related to [Defendant] in the case?

7.  Does anyone know any of the following individuals who may be witnesses in this case [list witnesses]?

8.  Does anyone believe you know anything about this case or that you have heard anything about this case before coming to Court today?

9.  Is there any member of the panel who would not accept the law as I give it to you in my instructions even if you disagree with the law?

10. Does any juror hold any belief, religious or otherwise, which discourages or prevents jury service?

11. Is there any member of the panel who has any special disability or problem that would make serving as a member of this jury difficult or impossible?

**<u>EXHIBIT B: CERTIFICATE OF COMPLIANCE</u>**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

XXXXXXXXXXXX,

    Plaintiff,

          v.

XXXXXXXXXXXX,

    Defendant.

Civil Action No.
XX-cv-XXXXX-SDG

**<u>CERTIFICATE OF COMPLIANCE</u>**

    I hereby certify that I have read the Court's Standing Order Regarding Civil Litigation and that I will comply with its provisions during the pendency of this action.

_____
Signature of counsel/*pro se* party

### APPENDIX
### SPECIAL INSTRUCTIONS FOR *PRO SE* LITIGANTS

Parties proceeding *pro se* (without an attorney) must comply with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") as well as the Court's Local Rules ("LR, NDGa"). *Pro se* parties may obtain certain basic materials and hand-outs from the Office of the Clerk of Court located on the 22nd Floor of the Richard B. Russell Federal Building, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303. Many documents are also available on the Court's website at www.gand.uscourts.gov. *Pro se* litigants may utilize the law library located on the 23rd floor of the courthouse.

Litigants are generally prohibited from engaging in *ex parte* communications with the Court. "*Ex parte* communications" means any form of contact with the Court outside the presence of the opposing party or opposing party's counsel. If a litigant seeks court action, the appropriate procedure is to put the request in writing, in the form of a motion, file the motion with the Clerk's office, and serve the opposing party or party's counsel.

A *pro se* litigant is required to (1) provide the Clerk with an **original** of any further pleadings or other papers filed after the Complaint, and (2) **serve** on the opposing party or party's counsel, by mail or hand delivery, a copy of every additional pleading or other paper described in Fed. R. Civ. P. 5. Once counsel for

the opposing party has appeared in the case, the opposing party should not be served individually; service should be made directly on the opposing party's counsel. The Clerk of Court and the U.S. Marshals Service will not serve documents filed by either party, unless expressly directed to do so by the Court.

Each pleading or paper described in Fed. R. Civ. P. 5 shall include a certificate stating the date on which an accurate copy of that document was served. This Court may disregard any papers that have not been properly filed with the Clerk, or that do not include a certificate of service. *Pro se* litigants are also advised that, under LR 7.1, NDGa, if the deadline for a response to a motion passes without a response being filed, the motion is deemed unopposed. Further, under LR 56.1(B)(2)(a)(2), NDGa, if a respondent to a motion for summary judgment fails to contest the movant's statement of material facts, the Court will deem the movant's facts as admissions.

*Pro se* litigants are further **REQUIRED** to keep the Court advised of their current address at all times during the pendency of the lawsuit. LR 83.1(D)(3), NDGa provides that parties appearing *pro se* have a duty to notify the Clerk's Office by letter of any change in address or telephone number. A *pro se* litigant's failure to do so where such failure "causes delay or adversely affects the management of a case" may be subject to sanction by the Court. *Pro se* litigants are

encouraged to provide the opposing party/counsel with an email address for purposes of communicating regarding the case and serving copies of court filings and discovery. *Pro se* litigants are advised, however, that the Court serves via regular mail only and not via email.