UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| L. LIN WOOD, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRAD RAFFENSPERGER, in his official )<br>capacity as Secretary of State of the State )<br>of Georgia, *et al.*, )<br>)<br>Defendants. )<br>) | CIVIL ACTION FILE NO.<br>1:20-cv-04651-SDG |

## PLAINTIFF'S EMERGENCY MOTION FOR PRESERVATION OF EVIDENCE AND INSPECTION OF ELECTRONIC ELECTION/VOTING EQUIPMENT AND FOR PRODUCTION OF ORIGINAL BALLOTS AND OTHER DOCUMENTS

**COMES NOW** Plaintiff L. Lin Wood, Jr. ("Plaintiff"), in the above-styled civil action, by and through his undersigned counsel of record, and files this his Emergency Motion for Preservation of Evidence and Inspection of Electronic Election/Voting Equipment and for Production of Original Ballots and Other Documents (the "Motion"), pursuant to the Federal Rules of Civil Procedures, including, without limitation Rule 34, and Local Rule 7.1. Plaintiff hereby moves on an emergency basis for the preservation of evidence material to this case and for leave to inspect electronic/voting equipment and for the production of original ballots and other documents, as follows:

1. The Court is familiar with the facts of this case based on the Verified Amended Complaint for Declaratory and Injunctive Relief [DE 5] and Plaintiff's Emergency Motion for Injunctive Relief and Memorandum of Law in support thereof [DE 6], both of which are incorporated by reference.

2. First, Plaintiff requests that all original absentee ballots be preserved, including the original envelope containing the voters' signature and the postmark, along with any images including images recorded or generated by the Ballot Marking Devices (B.M.D.). Plaintiff seeks not only preservation of this evidence, but requests leave to be permitted to have an expert forensic reviewer inspect the same, including without limitation, inspecting the handwriting of the voters' signature against signatures on file or registered with the Defendants. This is necessary to assess whether there was compliance with the requirements for counting absentee ballots and to determine whether the ballots that were counted were legal.

3. Second, the Plaintiff requests preservation of the in-person voters' original paper ballots as well as the scanned or computer images of said ballots, including without limitation, all images recorded or generated by the Ballot Marking Devices (B.M.D.). To the extent there has been any shredding or destruction of evidence, that must stop immediately and any shredded documents or other remnants of destroyed evidence must be preserved. If there is any doubt as to whether

something is evidence, the doubt should be resolved in favor preservation. Moreover, the Plaintiff seeks leave to inspect these computer and paper ballots, and any related documents, including without limitation, an inspection of the audit trail. This is necessary to ensure that all in person legal votes were appropriately counted.

4. Third, the Plaintiff seeks preservation of the electronic election/voting equipment, including external memory cards (any removable media used in the voting, tally, and reporting process) and related documentation, emails, audit reports, digital forensic images, logs from any other systems that process data originating from the voting machines, and/or documentation related to any audits conducted by assessors to include, but not limited to, Pro V&V in the following counties within the State of Georgia:

    a) Morgan County;

    b) Spalding County;

    c) Fulton County;

    d) Cobb County;

    e) Clayton County;

    f) Dekalb County;

    g) Gwinnett County;

    h) Chatham County; and

    i) Henry County.

5. Plaintiff's request for election/voting equipment also includes, without limitation, the Dominion Voting Systems equipment, machines, software, hardware, supporting network equipment, including any and all updates to the hardware and/or software. For the avoidance of doubt, this includes equipment provided by Dominion Voting Systems subcontractors such as KnowInk, the maker of the Poll Pads. Plaintiff seeks leave to conduct a forensic inspection of this equipment and the data therein. Based, in part, on conflicting public statements by the Supervisor of Spalding County Board of Elections and the Director of Morgan County Board of Elections and Registration, on the one hand, and statements by the Georgia Secretary of State and the Dominion Voting Systems Corporation, on the other, about whether there were or were not last minute updates made to the equipment, which is highly irregular, and whether the software contained glitches or produced errors. These contradictions and admissions necessitate an inspection of this equipment to determine and assess the reliability of the performance of this equipment in the specific counties referenced above. The Court should include measures to ensure there is proper authentication and chain of custody evidence sufficient to ensure Plaintiff is afforded access to the actual equipment that was used in those counties.

6. An expert forensic examination of the electronic voting equipment and the related election records, including the internal memory of electronic voting equipment, any network devices connecting the electronic equipment internally and

to the internet, as well as paper records that could provide evidence of voting irregularities, and the causes thereof, in the November 3, 2020 election is necessary and appropriate in this case.

7. The Plaintiff's need for preservation and access to the above evidence outweighs any countervailing interest because the reliability of the United States Presidential election and citizen confidence in the correctness of the result is at stake. *See, e.g., Martin v. Fulton Cty., Bd. of Registration & Elections*, 835 S.E.2d 245 (Ga. 2019); *Atlanta Journal-Constitution v. Jewell*, 555 S.E.2d 175 (Ga. 2001).

8. The State of Georgia and Dominion Voting Systems have a duty under State law to maintain and preserve the above equipment and records. *See* O.C.G.A. §§ 21-2-379.26, 21-2-437(d); Rule 183-1-12-.05, *Rules of State Election Board; see also Cooper Tire & Rubber Co. v. Koch*, 812 S.E.2d 256 (Ga. 2018).

9. Absent agreement between the interested parties, the Court should establish procedures for conducting a public, reliable, audit-controlled verification of the voting results.

**WHEREFORE**, for the foregoing reasons, the Plaintiff moves on an emergency basis for an entry of an Order requiring the preservation of the above described evidence and allowing the inspection of the evidence as described above.

Respectfully submitted this 26th day of November, 2020.

SMITH & LISS, LLC

/s/ Ray S. Smith, III
RAY S. SMITH, III
Georgia Bar No. 662555
rsmith@smithliss.com
*Counsel for Plaintiff*

Five Concourse Parkway, Suite 2600
Atlanta, Georgia 30328
Telephone 404-760-6006
Facsimile 404-760-0225

# CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that the foregoing has been prepared in Times New Roman (14 point) font, as required by the Court in Local Rule 5.1 (B).

Respectfully submitted this 20th day of November, 2020.

SMITH & LISS, LLC

Ray S. Smith, III
Georgia Bar No. 662555
*Counsel for Plaintiff*

Five Concourse Parkway
Suite 2600
Atlanta, Georgia 30328
(404) 760-6000
rsmith@smithliss.com

{00584338.2 }

# CERTIFICATE OF SERVICE

I hereby certify that I have this day caused the foregoing and all exhibits and attachments thereto in the above-captioned matter to be filed and served with the United States District Court for the Northern District of Georgia, Atlanta Division, via the Court's CM-ECF System, with electronic service upon the following:

Adam M. Sparks
Halsey G. Knapp, Jr.
Joyce Gist Lewis
Susan P. Coppedge
KREVOLIN AND HORST, LLC
One Atlantic Center
1201 W. Peachtree Street, NW, Ste. 3250
Atlanta, GA 30309

Marc E. Elias
Amanda R. Callais
Alexi M. Velez
Emily R. Brailey
PERKINS COIE LLP
700 Thirteenth Street NW, Suite 800
Washington, DC 20005

Kevin J. Hamilton
Amanda J. Beane
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
Telephone: (206) 359-8000

Gillian C. Kuhlmann
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, California 90067

{00584338.2 }

Matthew J. Mertens
Georgia Bar No: 870320
PERKINS COIE LLP
1120 NW Couch Street, 10th Floor
Portland, Oregon 97209
Telephone: (503) 727-2000

This 20th day of November 2020.

SMITH & LISS, LLC

RAY S. SMITH, III
Georgia Bar No. 662555
rsmith@smithliss.com
*Counsel for Plaintiff*

Five Concourse Parkway, Suite 2600
Atlanta, Georgia 30328
Telephone 404-760-6006
Facsimile 404-760-0225

{00584338.2 }