**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

L. Lin Wood, Jr.,

Plaintiff,

v.

Brad Raffensperger, in his official capacity as Secretary of the State of Georgia, et al.,

Defendants.

CIVIL ACTION FILE NO.
1:20-cv-04651-SDG

**DEFENDANT INTERVENORS' BRIEF IN OPPOSITION TO EMERGENCY MOTION FOR PRESERVATION OF EVIDENCE AND INSPECTION OF ELECTRONIC ELECTION/VOTING EQUIPMENT AND FOR PRODUCTION OF ORIGINAL BALLOTS AND OTHER DOCUMENTS**

## I. INTRODUCTION

At 5:01 p.m. on Friday, November 20, Plaintiff filed an "emergency" motion seeking to preserve evidence and inspect election documents and equipment ("Motion"). Plaintiff's Motion seeks unfettered access to secure voting equipment, confidential voter records and signatures, and all five million ballots cast in the November 3, 2020, general election for the extraordinary purpose of conducting a forensic audit of the election. But Plaintiff's extraordinary request—which came just one day after this Court concluded that Plaintiff lacks standing to bring his claims

and, therefore, that this Court lacks jurisdiction over them—is neither an emergency nor a proper invocation of this Court's power. Simply put, Plaintiff cannot seek discovery here because this Court does not have jurisdiction to order or enforce that or any other relief. Moreover, the documents and voting equipment that Plaintiff seeks to preserve are *already* preserved pursuant to state law, and no federal law permits discovery or inspection of the same. Plaintiff's request—as well as the discovery and preservation demand he has already issued to third-parties ATL HAWKS, LLC and State Farm Arena in Fulton County (with a promise of a subpoena to come) without leave of this Court—represent substantial overreach in a case where the Court has already found that Plaintiff has no evidence of fraud or malfeasance and no legal basis to support discovery. Plaintiff's Motion should be promptly denied.

## II. BACKGROUND

On November 19, this Court denied Plaintiff's Motion for a Temporary Restraining Order in a definitive oral ruling from the bench.[1] The following day, the Court issued a comprehensive written Order, denying Plaintiff's Motion, among

[1] At the same hearing, this Court orally granted the motion to intervene of Defendant Intervenors Democratic Party of Georgia, Inc. ("DPG"), DSCC, and DCCC (collectively, the "Political Party Committees"). The Political Party Committees will amend the case style for any submissions following an entry on the docket reflecting the Court's oral ruling.

other reasons, because Plaintiff "lacks standing to pursue [any of his] claims in the first instance." ECF No. 54 (the "Order") at 12-19.

Notwithstanding the Court's express determination that it lacked jurisdiction over the case, Plaintiff nonetheless filed the instant Motion, seeking a court order requiring Defendants to preserve "all original absentee ballots . . . including the original envelope containing the voters' signature and postmark, along with any images including images recorded or generated by the Ballot Marking Devices," and "in-person voter's original paper ballots as well as the scanned or computer images of said ballots." Mot. ¶¶ 2-3. Plaintiff's Motion also seeks preservation of electronic voting equipment and related documentation in Morgan, Spalding, Fulton, Cobb, Clayton, DeKalb, Gwinnett, Chatham, and Henry counties. *Id.* ¶ 4. He further requests that the Court allow "an expert forensic reviewer [to] inspect" the signatures on all absentee ballot envelopes. *Id.* ¶ 2. Even more remarkably, without even waiting for an order from this Court, and shortly after filing his Motion, Plaintiff sent the Chief Legal Officer of ATL HAWKS, LLC and the State Farm Arena in Fulton County a demand letter seeking discovery of the documents and equipment outlined above for use in this case. *See* Exhibit A.  None of this activity is proper, sanctioned by the rules, or appropriate.

## III. ARGUMENT

Plaintiff is not entitled to, and this Court cannot order, preservation or forensic inspection of the requested documents or voting equipment discussed in his Motion.

### A. This Court lacks jurisdiction to proceed.

It is well-settled that, where a court lacks jurisdiction, it cannot issue discovery orders and plaintiffs cannot issue subpoenas or seek discovery pursuant to the court's subpoena powers. *U.S. Catholic Conf. v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76 (1988) ("[T]he subpoena power of a court cannot be more extensive than its jurisdiction. . . . [I]f a district court does not have subject-matter jurisdiction over the underlying action, and the process was not issued in aid of determining that jurisdiction, then the process is void."); *see also* § 3531 In General, 13A Fed. Prac. & Proc. Juris. § 3531 (3d ed.) (same).

Just last week, this Court expressly found that Plaintiff "lacks standing to pursue [any of his] claims in the first instance." ECF No. 54 (the "Order") at 12-19.[2] It is axiomatic that Plaintiff's lack of standing deprives this Court of Article III

[2] The Court has not yet ruled on Defendant Intervenors' pending motion to dismiss. *See* ECF Nos. 8-1 & 8-2. However, Defendant Intervenors' motion to dismiss makes the same standing arguments that this Court credited in its ruling on Plaintiff's motion for a temporary restraining order. *See* Order at 12-19. Given the Court's express determination that Plaintiff lacks standing, that motion should be granted and this case dismissed without further proceedings.

jurisdiction. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016) (explaining that "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies'" which cannot exist where a plaintiff lacks standing) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)).

Thus, this Court lacks the power to issue discovery orders that go to the merits of this litigation. *U.S. Catholic Conf.*, 487 U.S. at 76. As a result, the Court cannot order the relief Plaintiff seeks in his Motion. *Id.*

Moreover, for that same reason, Plaintiff cannot issue subpoenas (or seek discovery via demand letters) under Rule 45, as such subpoenas or requests are non-enforceable given Plaintiff's lack of standing. *U.S. Catholic Conf.*, 487 U.S. at 76.[3] Thus, this Court must deny Plaintiff's Motion in full.

**B. There is no legal basis for Plaintiff's demands.**

Even if this Court had jurisdiction, there is no legal basis for the Court to order the relief Plaintiff seeks here.

[3] Notably, despite Plaintiff's clear lack of legal entitlement to discovery, and likely in recognition of the fact that this Court lacks the jurisdiction to grant his requested relief, Plaintiff has boldly invoked this Court and this case caption in sending at least one demand letter, demanding production of records he claims are relevant to this case. *See* Exhibit A. This is an improper effort to insinuate to third parties a power that Plaintiff plainly lacks.

*First*, as Plaintiff's Motion recognizes, Georgia election law already requires preservation of the election-related materials that Plaintiff seeks for at least two years. Mot. ¶ 8 (citing O.C.G.A. § 21-2-500(c) ("[T]he municipal superintendent shall deliver copies of the voting machine ballot labels, computer chips containing ballot tabulation programs, copies of computer records of ballot design, and similar items or an electronic record of the program by which votes are to be recorded or tabulated" and "[s]uch ballots and other documents shall be preserved under seal in the office of the city clerk for at least 24 months")); *see also* O.C.G.A. § 21-2-500(a). Thus, there is no emergency here and no reason for this Court to order preservation as state law already requires it. Indeed, "obey the law" orders—especially those issued by a federal court to a state or county entity—are disfavored and improper. *See N.L.R.B. v. Express Pub. Co.*, 312 U.S. 426, 435–36 (1941) (explaining that an obey-the-law order is unnecessary and improper when the law itself carries with it its own penalties for disobedience with the law's terms); *S.E.C. v. Sky Way Glob., LLC*, 710 F. Supp. 2d 1274, 1292–93 (M.D. Fla. 2010) (same); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 109 (1984) (explaining that federal courts lack the mandate or authority to issue an order merely enforcing state law).

*Second*, the *only* federal "law" Plaintiff cites in support of his Motion is Federal Rule of Civil Procedure 34, which permits the "requesting party or its

representative to inspect, copy, test, or sample [certain] items *in the responding party's possession, custody, or control*." Fed. R. Civ. P. 34(a)(1) (emphasis added). But the information Plaintiff seeks is almost exclusively maintained by Morgan, Spalding, Fulton, Cobb, Clayton, DeKalb, Gwinnett, Chatham, and Henry counties, none of which are parties to this case. *See* Motion at ¶ 4; *see also supra* at 6 (explaining that Georgia law requires the *counties'* duties to preserve the relevant documents). Thus, Rule 34 does not advance Plaintiff's request and cannot form the basis of a discovery request directed toward third parties. Only subpoenas issued properly and pursuant to Rule 45, can compel third party production of records, and then only after discovery has commenced and subject to the protections for third parties offered by that rule. [4]

*Third*, even the state law that Plaintiff points to (which has no precedential effect on this Court anyway) is unavailing. Specifically, Plaintiff cites to *Martin v. Fulton County Board of Registration & Elections*, 835 S.E.2d 245 (2019), to support his request for a preservation order. *See* Mot. at ¶ 7. But *Martin* actually undermines his claim as it affirms a state trial court's order *limiting* the discovery to which

---

[4] Plaintiff's issuance of discovery also violates Local Rule 26.2, which provides that discovery "shall commence thirty days after the appearance of the first defendant by answer to the complaint." Plaintiff's effort to issue discovery demands and to threaten third parties with subpoenas prior to that time is simply improper under any reading of the rules.

plaintiffs were entitled in an election contest. *See Martin*, 835 S.E.2d at 263–64. Accordingly, even if *Martin* were applicable to Plaintiff's federal claims, the case only underscores why Plaintiff's demanded discovery is overbroad and inappropriate, rather than affording him any basis for relief.[5]

## IV. CONCLUSION

Beyond the legal bases plainly barring Plaintiff's requested relief, Georgia's election administrators have just completed an exhaustive statewide hand recount of over five million ballots and are in the throes of preparing for yet another statewide recount, all while preparing for a rapidly-approaching January 5, 2021, statewide runoff. Forcing counties across the state to respond to sweeping discovery requests and participate in expert review—the logical conclusion of Plaintiff's Motion as the discovery he has already served demonstrates—is also plainly not in the public interest. Accordingly, Defendant Intervenors respectfully request that this Court promptly deny Plaintiff's Motion and admonish counsel to refrain from further

[5] Plaintiff also cites *Atlanta Journal-Constitution v. Jewell*, 555 S.E.2d 175, 180 (2001), but that case is inapposite, evaluating the First Amendment privilege, whether Georgia's general statute governing civil discovery requires media outlets to reveal confidential sources, and the public/private figure determination in a defamation case. But Georgia's civil discovery rules, the First Amendment privilege, and the defamation standards are plainly not applicable here. Plaintiff also confusingly cites *Cooper Tire & Rubber Co. v. Koch*, 812 S.E.2d 256 (2018), but this state court decision pertains to litigation holds and spoliation issues not at issue here.

efforts to improperly invoke the jurisdiction of this Court in a case in which the Court has already found it lacks jurisdiction.

Dated: November 23, 2020. Respectfully submitted,

**Adam M. Sparks**
Halsey G. Knapp, Jr.
Georgia Bar No. 425320
Joyce Gist Lewis
Georgia Bar No. 296261
Susan P. Coppedge
Georgia Bar No. 187251
Adam M. Sparks
Georgia Bar No. 341578
**KREVOLIN AND HORST, LLC**
One Atlantic Center
1201 W. Peachtree Street, NW, Ste. 3250
Atlanta, GA 30309
Telephone: (404) 888-9700
Facsimile: (404) 888-9577
hknapp@khlawfirm.com
jlewis@khlawfirm.com
coppedge@khlawfirm.com
sparks@khlawfirm.com

Marc E. Elias*
Amanda R. Callais*
Alexi M. Velez*
Emily R. Brailey*
PERKINS COIE LLP
700 Thirteenth Street NW, Suite 800
Washington, DC 20005
Telephone: (202) 654-6200

melias@perkinscoie.com
acallais@perkinscoie.com
avelez@perkinscoie.com
ebrailey@perkinscoie.com

Kevin J. Hamilton*
Amanda J. Beane*
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
Telephone: (206) 359-8000
khamilton@perkinscoie.com
abeane@perkinscoie.com

Gillian C. Kuhlmann*
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, California 90067
Telephone: (310) 788-3900
gkuhlmann@perkinscoie.com

Matthew J. Mertens*
Georgia Bar No: 870320
PERKINS COIE LLP
1120 NW Couch Street, 10th Floor
Portland, Oregon 97209
Telephone: (503) 727-2000

*Counsel for Intervenor-Defendants Democratic Party of Georgia, Inc., DSCC, and DCCC*

**Admitted Pro Hac Vice*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

L. Lin Wood, Jr.,

Plaintiff,

v.

Brad Raffensperger, in his official capacity as Secretary of the State of Georgia, et al.,

Defendants.

CIVIL ACTION FILE NO. 1:20-cv-04651-SDG

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of L.R. 5.1, using font type of Times New Roman and a point size of 14.

Dated: November 23, 2020.

**Adam M. Sparks**
*Counsel for Intervenor-Defendants Democratic Party of Georgia, Inc., DSCC, and DCCC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

L. Lin Wood, Jr.,

Plaintiff,

v.

Brad Raffensperger, in his official capacity as Secretary of the State of Georgia, et al.,

Defendants.

CIVIL ACTION FILE NO.
1:20-cv-04651-SDG

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2020, I caused a copy of the foregoing **Defendant Intervenors' Opposition to Emergency Motion for Preservation of Evidence and Inspection of Electronic Election/Voting Equipment and for Production of Original Ballots and Other Documents** to be electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

Dated: November 23, 2020.

**Adam M. Sparks**
*Counsel for Intervenor-Defendants*
*Democratic Party of Georgia, Inc.,*
*DSCC, and DCCC*