## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **L. LIN WOOD, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.** |
| | ) | **1:20-cv-04651-SDG** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **BRAD RAFFENSPERGER, *et al.*,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants Brad Raffensperger, Georgia Secretary of State, and State Election Board members Rebecca N. Sullivan, David J. Worley, Matthew Mashburn, and Ahn Le (collectively, "State Defendants") submit the following brief in support of their motion to dismiss for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) and 12(h)(3).[1]

On November 20, 2020, this Court held that Plaintiff lacks standing to bring any of the claims raised in his Amended Complaint, stating, "Wood lacks standing

---

[1] Additionally, the State Defendants have not been legally served with the Summons and Complaint. While the Plaintiff sent waivers of service to the State Defendants, those waivers have not been executed. Therefore, personal jurisdiction over State Defendants has not yet been established. *See Pardazi v. Cullman Medical Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990) ("Service of process is a jurisdictional requirement; a court lacks jurisdiction over the person of a defendant when that defendant has not been served.").

1

to bring these claims in the first instance." (Doc. 54 at 19.) Plaintiff's standing to bring and maintain his lawsuit "is a fundamental component of the Court's subject matter jurisdiction." *Roberts v. Swearingen*, 358 F. Supp. 3d 1341, 1346 (M.D. Fla. 2019); *see also Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1245 (11th Cir. 2020) (vacating judgment in favor of plaintiffs and ordering dismissal of voting rights case due to plaintiffs' lack of standing).

Based upon the Court's holding that Plaintiff lacks standing, the Court must now dismiss the case under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. A Court may consider a motion to dismiss for lack of subject matter jurisdiction at any time. *Roberts*, 358 F. Supp. 3d at 1346. Even without a pending motion to dismiss, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see Jacobson*, 974 F.3d at 1245 ("If at any point a federal court discovers a lack of jurisdiction, it must dismiss the action.").

The Court should dismiss this action expeditiously because Plaintiff appears intent on using the Court's subpoena power to pursue unwarranted discovery before the discovery period has even commenced, and where this Court has already determined that he lacks standing. After the Court orally denied Plaintiff's emergency motion for injunctive relief based in part on lack of standing (Doc. 52), Plaintiff filed an "emergency motion for preservation of evidence" the very next day.

(Doc. 53.) Plaintiff's motion asks the Court to order the State Defendants to make available electronic voting equipment and absentee ballots and envelopes to Plaintiff for forensic inspection. (*Id.* at 2.) Furthermore, Plaintiff served a subpoena on the non-party Atlanta Hawks, requesting copies of surveillance video of State Farm Arena from November 3-4, 2020. (Doc. 55-1.) While State Defendants intend to separately respond in objection to Plaintiff's motion for discovery and move to quash the improper subpoena, the Court should promptly dismiss the action to prevent further improper use of its judicial resources.

Accordingly, State Defendants respectfully request that their motion be granted, and that Court dismiss the action in its entirety with prejudice.

Respectfully submitted, this 23rd day of November, 2020.

CHRISTOPHER M. CARR      112505
Attorney General
BRYAN K. WEBB              743580
Deputy Attorney General
Russell D. Willard           760280
Senior Assistant Attorney General

/s/ *Charlene S. McGowan*
Charlene S. McGowan          697316
Assistant Attorney General
40 Capitol Square SW
Atlanta, GA 30334
cmcgowan@law.ga.gov
404-458-3658 (tel)

*Attorneys for State Defendants*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing has been formatted using Times New Roman font in 14-point type in compliance with Local Rule 7.1(D).

/s/ *Charlene S. McGowan*
Charlene S. McGowan
Assistant Attorney General

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically filed the foregoing **BRIEF IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel for all parties of record via electronic notification.

Dated: November 23, 2020.

/s/ *Charlene S. McGowan*
Charlene S. McGowan
Assistant Attorney General
