UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| L. LIN WOOD, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BRAD RAFFENSPERGER, in his official ) <br> capacity as Secretary of State of the State ) <br> of Georgia, *et al.*, ) <br> ) <br> Defendants. ) <br> _____ ) | CIVIL ACTION FILE NO. <br> 1:20-cv-04651-SDG |

**PLAINTIFF'S EMERGENCY MOTION**
**TO CERTIFY FOR INTERLOCUTORY APPEAL**

COMES NOW Plaintiff **L. Lin Wood, Jr.** ("Plaintiff"), by and through his undersigned counsel of record, and files this his Emergency Motion to Certify for Interlocutory Appeal:[1]

**I.   STATEMENT OF THE CASE.**

On November 13, 2020, Plaintiff filed his original Verified Complaint for Declaratory and Injunctive Relief (the "Original Complaint"), asserting three claims against Defendants, in their official capacities, based on numerous

---

[1] For the reasons stated herein, including the issues of the integrity of the 2020 Presidential Election and the January 2021 Senatorial Run-Off Election, Plaintiff requests that review of this Motion be expedited pursuant to Local Rule 7.2(B).

constitutional violations. (*See* Doc. 1.) On November 16, 2020, Plaintiff filed an Amended Complaint (*see* Doc. 5), and on November 17, 2020, Plaintiff filed an emergency motion for a temporary restraining order ("TRO") (*see* Doc. 6). On November 19, 2020, Defendants and Intervenors filed separate responses in opposition to Plaintiff's motion for a TRO (*see* Doc. 8, 22, 31, 34, 39), and the Court held oral argument on Plaintiff's motion the same day (*see* Doc. 52). At the conclusion of oral argument, this Court denied Plaintiff's request for a TRO. (*See* Doc. 54.)

## II.   ARGUMENT.

28 U.S.C. § 1292(b) permits a request for interlocutory appellate review if this Court is of the "opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." If such an interlocutory appeal is certified, then then Eleventh Circuit can accept the matter for discretionary review under 28 U.S.C. § 1292(b).

Plaintiff believes this case is appropriate for interlocutory appeal and hereby requests that this Court amend the Order denying Plaintiff's TRO motion to include the requisite certification. The Order involves a controlling question of law as to which there is a substantial ground for difference of opinion and

immediately appealing the Order may materially advance the ultimate termination of the litigation.

Plaintiff's action relates to the integrity of election procedures in the 2020 Presidential General Election in the State of Georgia, particularly as those procedures were fundamentally and irredeemably flawed, from this Constitutional deviation. Plaintiff further submits that the procedures enacted by the Secretary of State and the State Board of Elections relate to the enormous quantity of mail-in-ballots cast in Georgia pursuant to the unlawful "Consent Decree," which precludes ascertainment of these ballots' compliance with the detailed requirements for demonstrating the authenticity of such votes and the eligibility of those purportedly casting such ballots to vote in Georgia. Plaintiff's vote was made more difficult that the votes of others who were not required to present identification or were struggling with signature verification.

***This issue is critical because the State Board of Elections is proposing to use the same procedures in the upcoming Senatorial run-off election***, and if they are invalid, then the outcome of that election could likewise be in doubt. The integrity of the election system in Georgia should not be subject to ridicule or doubt.

This action also concerns a Due Process and Equal Protection claim that Georgia's mail ballot scheme, as modified by the unlawful "Consent Decree," is unconstitutional, and fails to comply with the election scheme adopted by the State Legislature. Additionally, the scheme lacks any safeguards, given that there is clearly confusion and opportunity for mischief created by the lack of signature verification wrought by the "Consent Decree/Settlement Agreement." This action is of nationwide importance because of the consequences of flawed election processes on the election for the President of the United States in the State of Georgia could turn the election in favor of either candidate.

***It is critically important for Plaintiff's claims to be heard by the Eleventh Circuit Court of Appeals before the December 14, 2020 "safe harbor" date under O.C.G.A. § 21-2-499 certifying its Presidential electors, which is only 21 days away.***

The Amended Complaint asserts claims under the First Amendment and the Equal Protection Clause of the Fourteenth Amendment; the Electors and Elections Clause of the Constitution; and the Due Process Clause of the Fourteenth Amendment because Defendants, Georgia's Secretary of State, Brad Raffensperger, and four Georgia Election Board members, engaged in an intentional scheme to circumvent Georgia's legislative enactments by entering into

an unconstitutional Consent Decree, in an effort allow the counting of defective mail ballots.

Plaintiff seeks to exclude the defective mail ballots which may turn the result of the Election, and further seeks to prevent the use of the same constitutionally flawed procedures in the upcoming Senatorial run-off election. Plaintiff does not seek to exclude any legally cast votes. Plaintiff further submits that good cause exists for expedited review, as irreparable may occur or the appeal may become moot unless a ruling is obtained within seven days.

WHEREFORE, pursuant to U.S.C. § 1292(b), Plaintiff requests that this Court immediately consider the instant Motion and further certify the Order denying Plaintiff's TRO motion for immediately interlocutory appeal.

Respectfully submitted this 23rd day of November, 2020.

                **SMITH & LISS, LLC**

                */s/ Ray S. Smith, III*
                Ray S. Smith, III
                Georgia Bar No. 662555
                *Counsel for Plaintiff*

Five Concourse Parkway
Suite 2600
Atlanta, Georgia 30328
(404) 760-6000
rsmith@smithliss.com

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel certifies that the foregoing has been prepared in Times New Roman (14 point) font, as required by the Court in Local Rule 5.1 (B).

Respectfully submitted this 23rd day of November, 2020.

                                       **SMITH & LISS, LLC**

                                       */s/ Ray S. Smith, III*
                                       Ray S. Smith, III
                                       Georgia Bar No. 662555
                                       *Counsel for Plaintiff*

Five Concourse Parkway
Suite 2600
Atlanta, Georgia 30328
(404) 760-6000
rsmith@smithliss.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day caused the foregoing and all exhibits and attachments thereto in the above-captioned matter to be filed with the United States District Court for the Northern District of Georgia, Atlanta Division, and served on the following parties, via the Court's CM-ECF system.

Adam M. Sparks
Halsey G. Knapp, Jr.
Joyce Gist Lewis
Susan P. Coppedge
KREVOLIN AND HORST, LLC
One Atlantic Center
1201 W. Peachtree Street, NW, Ste. 3250
Atlanta, GA 30309

Marc E. Elias
Amanda R. Callais
Alexi M. Velez
Emily R. Brailey
PERKINS COIE LLP
700 Thirteenth Street NW, Suite 800
Washington, DC 20005

Kevin J. Hamilton
Amanda J. Beane
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101

Gillian C. Kuhlmann
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, California 90067

Matthew J. Mertens
Georgia Bar No: 870320
PERKINS COIE LLP
1120 NW Couch Street, 10th Floor
Portland, Oregon 97209

    This 23rd day of November, 2020.

                                   **SMITH & LISS, LLC**

                                   */s/ Ray S. Smith, III*
                                   Ray S. Smith, III
                                   Georgia Bar No. 662555
                                   *Counsel for Plaintiff*

Five Concourse Parkway
Suite 2600
Atlanta, Georgia 30328
(404) 760-6000
rsmith@smithliss.com